UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| SHAUN JEFFERY WILLIAMS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:15-CV-391-TAV |
| | ) | | 3:13-CR-45-TAV-CCS-4 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM AND ORDER**

Before the Court is Shaun Jeffery Williams' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1485].[1] Following a plea of guilty, pursuant to a written plea agreement, Williams ("Petitioner") was convicted of conspiring to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and was sentenced to 150 months' imprisonment [Doc. 127 and 1252]. Petitioner's judgment was entered on April 22, 2014 [Doc. 1252]. Petitioner did not file a direct appeal.

In his § 2255 motion, Petitioner certifies under penalty of perjury that his motion was placed in the prison mailing system on August 26, 2015, which is the date of filing under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1987) (a pleading is "filed" by a pro se prisoner when it is given to a prison official for mailing).

In his § 2255 motion, Petitioner raises four theories in support of a single ground of collateral attack, ineffective assistance of counsel [Doc. 1485]. Those four theories are: (1) counsel failed to file a notice of direct appeal when requested, thereby depriving Petitioner of the proceeding entirely; (2) counsel failed to move to suppress evidence; (3) counsel failed to

---

[1] All citations to the record are found on the docket of Case No. 3:13-CR-45-TAV-CCS.

provide Petitioner copies of filed motions that Petitioner requested to see; and (4) counsel failed to object to enhancements at sentencing [*Id.*].

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

A conviction becomes "final [for purposes of § 2255(f)(1)] at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where no appeal is taken, direct review can be said to have concluded after expiration of the time for filing for such appeal- fourteen days after entry of the Court's judgment. *See* Fed. R. App. P. 4(b)(1)(A) (explaining the defendant must file his notice of appeal in the district court within fourteen days after "the entry of either the judgment or order being appealed").

2

The Government argues, and the Court agrees, that Plaintiff's allegations of ineffective assistance of counsel are untimely filed [Doc. 1500 p. 4]. Here, the judgment was entered on April 22, 2014, making Petitioner's conviction final on May 6, 2014, at the expiration of time for seeking direct appellate review [*Id*. at 5]. As such, Petitioner had until May 6, 2015 in which to file a timely § 2255 motion [*Id*.]. However, Petitioner filed his motion on August 26, 2015, thus making it untimely on its face.

Even so, courts may review time-barred motions under the doctrine of equitable tolling provided "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010)). A petitioner "bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

For the reasons set forth above, Petitioner is **ORDERED** to show cause, within twenty (20) days from the entry of this order, as to why his claims for ineffective assistance of counsel should not be dismissed as barred by the statute of limitation contained in 28 U.S.C. § 2255(f). If Petitioner fails to respond timely to this order, the motion to vacate will be **DISMISSED** as untimely.

    **IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:13-cr-00045-TAV-CCS   Document 1514   Filed 02/09/16   Page 3 of 3   PageID #: 6295