UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| SHAUN JEFFERY WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-45-TAV-DCP-4 |
| | ) | 3:15-CV-391-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Shaun Jeffery Williams filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on August 31, 2015 [Doc. 1485]. In this motion, Petitioner alleges that he received ineffective assistance of counsel in four respects. The government responded in opposition on November 24, 2015 [Doc. 1500], arguing that Petitioner's motion is untimely and that the claims of ineffective assistance of counsel are meritless. The Court then ordered Petitioner to show cause as to why his claims should not be dismissed as barred by the statute of limitations in 28 U.S.C. § 2255(f) [Doc. 1514]. Petitioner did not respond to the show-cause order.[1]

For the reasons set forth herein, Petitioner's § 2255 Motion [Doc. 1485] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] On February 29, 2016, the Memorandum and Order requiring Petitioner to show cause [Doc. 1514] was returned as undeliverable to Petitioner at the McDowell County Federal Correctional Institution in Welch, WV. The Memorandum and Order was then mailed to Petitioner at the FMC Lexington address per the Federal Bureau Prisons' website [Doc. 1515].

## I. BACKGROUND

Petitioner and 41 co-defendants were charged in an Indictment for their roles in a conspiracy to manufacture methamphetamine [Doc. 3]. Specifically, Petitioner was charged in Count One with conspiring to manufacture at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and in Count Six with aiding and abetting the possession of equipment, chemicals, products, and materials used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 [*Id.*]. The government filed a timely notice of intent to enhance Petitioner's sentence based on his prior convictions [Doc. 298].

Pursuant to a plea agreement, Petitioner pleaded guilty to Count One and stipulated that he had a prior felony-drug conviction subjecting him to a mandatory minimum term of twenty years' imprisonment [Doc. 127 p. 1]. Petitioner further stipulated that his aggravating role in the offense would result in a two-point increase to his base offense level [*Id.* at ¶4(c)]. As part of the plea agreement, the government agreed to dismiss Count Six at the time of sentencing [*Id.* at ¶2], and the Petitioner waived his rights to file a direct appeal or a § 2255 motion or to collaterally attack his conviction(s) or resulting sentence [*Id.* at ¶11], with certain exceptions including one for claim of ineffective assistance of counsel. Judgment was entered on April 22, 2014 [Doc. 1252]. No direct appeal was filed, but Petitioner filed the instant § 2255 motion [Doc. 1485]. Petitioner presents four claims of ineffective assistance of counsel: (1) failure to file a direct appeal; (2) failure to move to

suppress unspecified evidence; (3) not providing Petitioner with copies of unspecified motions; and (4) not objecting to the sentencing enhancement that Petitioner stipulated to in the plea agreement [*Id.* at 4–11]. Although he does not state the date on which he deposited the document in the prison's internal mailing system,[2] Petitioner signed his § 2255 motion on August 26, 2015 [*Id.* at 13], which was then filed on August 31, 2015.

On April 8, 2015, prior to filing the instant § 2255 motion, Petitioner filed a Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which sought a reduction in his sentence [Doc. 1406]. While this § 2255 motion was pending, Petitioner filed a Supplemental Motion for Resentencing Pursuant to Amendments 780, 782 and 788 to the Sentencing Guidelines requesting that his sentence be reduced to 76 months [Doc. 1563]. The government filed a response deferring to the Court's discretion as to any reduction in the sentence pursuant to Sentencing Guidelines Amendment 782 [Doc. 1576]. The Court issued a Memorandum Opinion and Order on July 15, 2016, granting Petitioner's motions [Docs. 1406, 1563] and reducing Petitioner's sentence to 76 months' imprisonment [Doc. 1585]. Accordingly, Petitioner was released on November 22, 2017.[3]

## II. DISCUSSION

The government argues that Petitioner's § 2255 motion is time-barred [Doc. 1500 p. 4–5]. A prisoner in federal custody may file a motion under 28 U.S.C. § 2255, "claiming

---

[2] *See* Rules 3(d) of Rules Governing Section 2255 Proceedings.

[3] Petitioner's Release information was obtained from the Federal Bureau of Prisons website at https://www.bop.gov/.

the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255(f) provides that the one-year statute of limitations, which runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

A conviction becomes "final [for purposes of § 2255(f)(1)] at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where no appeal is taken, a conviction becomes final after the time for filing for such expires, which is fourteen days after entry of the Court's judgment. *See* Fed. R. App. P. 4(b)(1)(A) (explaining the defendant must file his notice of appeal in the district court within fourteen days after "the entry of either the judgment or order being appealed").

Petitioner did not appeal the Court's judgment against him, and therefore his conviction became final when he failed to do so within fourteen days of the Court's entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed). Judgment was entered on April 22, 2014 [Doc. 1252]. Petitioner's judgment became final fourteen days later, on May 6, 2014. Accordingly, the § 2255 limitation period in this case ended on May 6, 2015. Petitioner filed his § 2255 Motion more than three months later, on August 31, 2015.[4]

In his motion, Petitioner offers several explanations for his late filing, including 1) prison lockdowns that "pushed the defendant to file a rushed § 2255 motion;" 2) "trying to get the copy's [*sic*] of the motions and paperwork;" 3) being located "far from the state [the defendant] was sentenced in;" and 4) requesting "that there be a direct appeal filed, after sentencing by the defendants [*sic*] attorney [Doc. 1485 p. 12].

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Used sparingly, a Petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v.*

---

[4] Giving Petitioner the benefit of the doubt and finding that he submitted the § 2255 motion to prison officials under the "prison mailbox rule" on the date he signed and dated it, the § 2255 motion was not filed until August 26, 2015 at the earliest [Doc. 1485 p. 13]. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary); Rule 3(d), Rules Governing Section 2255 Proceedings. However, even under this earlier date, the § 2255 motion was not timely filed unless equitable tolling applies.

*Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (internal citations omitted).

While Petitioner does not specifically mention the doctrine of equitable tolling, he seems to argue that tolling should apply to the claims in his § 2255 motion. However, as discussed above, equitable tolling is applied sparingly, and Petitioner bears the burden of showing that he diligently pursued his rights and that some extraordinary circumstance stood in his away to prevent timely filing. Review of Petitioner's § 2255 motion leads the Court to conclude that Petitioner has failed to diligently pursue his rights, and he has not shown an extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under § 2255(f). *See Holland*, 560 U.S. at 632; *Hall*, 662 F.3d at 750.

Petitioner's only suggestion that he diligently pursued his rights is his statement that he directed his attorney to file an appeal after sentencing and "assumed that there was a direct [a]ppeal filed . . . ." [Doc. 1486 p. 12]. This would have been after he waived his right of appeal in his plea agreement. Given Petitioner's waiver, it is not reasonable for Petitioner to believe that his counsel would file an appeal, and he presents no facts

suggesting why he was prevented from inquiring as to the status of his case for well over a year. *See Moore v. United States*, 438 F. App'x 445, 450 (6th Cir. 2011) (holding petitioner was not entitled to equitable tolling where he "provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file" an appeal). Therefore, Petitioner was ultimately not diligent in pursuing his rights, and such failure cannot be excused. *See, e.g.*, *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (specifically finding that "to the extent [Petitioner] claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify [for equitable tolling] because [Petitioner] failed in his duty to monitor the status of his appeal"); *Mendenhall v. United States*, No. 3:05-CR-053, 2012 WL 441196, at *2–3 (E.D. Tenn. Feb. 10, 2012) (declining to equitably toll the statute of limitations for Petitioner's § 2255 motion despite the fact that Petitioner's attorney allegedly failed to file a notice of appeal, as the Petitioner had not been diligent in pursuing his rights for ten months).

Moreover, although Petitioner asserts he was unable to timely file his § 2255 within one year of the Judgment becoming final, he was able to file his own Pro Se Motion to Reduce Sentence [Doc. 1406] during that same time frame. Because none of the reasons given for delaying the filing of the § 2255 motion affected Petitioner's ability file his Pro Se Motion to Reduce Sentence, and because Petitioner offers nothing more than general allegations of reasons for delay, which are unsupported by specific facts, Petitioner has failed to establish that an extraordinary circumstance prevented his timely filing of the § 2255 motion.

Finally, as previously discussed, the Court issued a Memorandum and Order following the governments' response to Petitioner's § 2255 motion giving Petitioner 20 days to show cause why his motion should not be dismissed as barred by the statute of limitation contained in 28 U.S.C. § 2255(f), and Petitioner failed to respond. Clearly, Petitioner failed to persuade the Court that he is entitled to equitable tolling. Accordingly, the Court will deny the § 2255 motion and dismiss this action, without an evidentiary hearing, as time-barred. *See Taylor v. United States*, Nos. 4:10-CR-35, 4:14-CV-63, 2017 WL 4052378, at *5 (E.D. Tenn. Sept. 13, 2017) (holding a "2255 Motion may be resolved as time-barred without an evidentiary hearing," despite Petitioner's claim that his attorney was allegedly ineffective by not filing a notice of appeal); *see, e.g.*, *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (no evidentiary hearing is required where "the record conclusively shows that the petitioner is entitled to no relief").

### III. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1485] will be **DENIED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims, and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529

U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A Judgment will enter **DENYING** the Motion [Doc. 1485].

    **IT IS SO ORDERED**.

                        s/ Thomas A. Varlan
                        CHIEF UNITED STATES DISTRICT JUDGE